1  BENJAMIN B. WAGNER
   United States Attorney
2  DONNA L. CALVERT
   Acting Regional Chief Counsel, Region IX
3  Social Security Administration
   PATRICK WILLIAM SNYDER
4  Special Assistant United States Attorney

5      333 Market Street, Suite 1500
       San Francisco, California 94105
6      Telephone:  (415) 977-8927
       Facsimile:  (415) 744-0135
7      E-Mail: Patrick.Snyder@ssa.gov

8  Attorneys for Defendant

9              UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11

12  ROBERTO M. VASQUEZ,              )
                                     )   **CASE NO. 1:11-cv-01899-SKO**
13                  Plaintiff,       )
                                     )   **STIPULATION AND ORDER**
14          v.                       )   **REMANDING THE ACTION TO THE**
                                     )   **COMMISSIONER OF SOCIAL**
15  MICHAEL J. ASTRUE,               )   **SECURITY ADMINISTRATION**
    Commissioner of                  )   **PURSUANT TO SENTENCE SIX OF 42**
16  Social Security,                 )   **U.S.C. § 405(g)**
                                     )
17                  Defendant.       )
                                     )   **ORDER ADMINISTRATIVELY**
18                                   )   **CLOSING THE CASE**
                                     )
19  _____ )

20

21        The parties hereby stipulate by counsel, with the Court's approval as indicated by

22  issuance of the below Order, for remand of this action pursuant to sentence six of 42 U.S.C. §

23  405(g).

24        Remand is necessary because significant portions of the recording of the Administrative

25  Law Judge (ALJ) hearing held on November 25, 2008 are inaudible.  Upon receipt of the Court

26  order, the Commissioner will remand the case for a *de novo* ALJ hearing.  This remand request is

27  made pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. 405(g),

28  which provides that:

1
2
3

"The court may, on motion of the Commissioner of Social Security made for good

cause shown before the Commissioner files [her] answer, remand the case to the

Commissioner of Social Security for further action by the Commissioner...."

4
5

See 42 U.S.C. 405(g); see also Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v.

Schaefer, 509 U.S. 292 (1993).

6
7
8
9
10

   The joint conference committee of Congress, when reporting upon the Social Security

Disability Amendments of 1980 (to the Social Security Act), acknowledged that in some cases

procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for

remand in the matter.  The intent of the committee was that such procedural defects be

considered "good cause" for remand.  The committee stated:

11
12
13
14
15
16

"Such a situation is an example of what could be considered 'good cause' for

remand.  Where, for example, the tape recording of the claimant's oral hearing is

lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files

cannot be located or are incomplete, good cause would exist to remand the claim

to the Secretary for appropriate action to produce a record . . .."  (H.R. Rep. No.

96-944, 96th Cong., 2d Sess. 59 (1980)).

17
18

Here, significant portions of the ALJ hearing recording are inaudible.  Upon receipt of the

remand order, the Commissioner will remand the case for a *de novo* ALJ hearing.

19
20

   Good cause having been shown, the action should be remanded to the Commissioner for

further proceedings as stated above.

21

   Respectfully submitted,

22
23
24
25

Dated: March 19, 2012              */s/ Steven Gilbert Rosales*
                                   _____
                                   STEVEN GILBERT ROSALES
                                   (as authorized via email March 19, 2012)
                                   Attorney at Law
                                   Attorney for Plaintiff

26
27

Dated: March 19, 2012              BENJAMIN B. WAGNER
                                   United States Attorney
                                   DONNA L. CALVERT

28

1    Acting Regional Chief Counsel, Region IX
     Social Security Administration

2              By:

3                  */s/ Patrick William Snyder*
                   _____
4                  PATRICK WILLIAM SNYDER
                   Special Assistant U.S. Attorney
5                  Attorneys for Defendant

6                        <u>ORDER</u>

7        The Court has reviewed the parties' stipulation for remand.  Because the recording of the

8    administrative hearing is inaudible, good cause exists to remand the claim to the Commissioner for

9    appropriate action to produce a record pursuant to sentence six of section 205(g) of the Social

10   Security Act.  42 U.S.C. § 405(g).

11       The Court retains jurisdiction over the matter, and either party may file a request to reopen

12   the case once the administrative proceedings have been completed.  Further, the Commissioner shall

13   file a status report every ninety (90) days from the date of this order regarding the progress of the

14   administrative proceedings.

15       Accordingly, IT IS HEREBY ORDERED that:

16   1.   This action is REMANDED to the Commissioner of the Social Security

17        Administration pursuant to sentence six of section 205(g) of the Social Security Act

18        (42 U.S.C. § 405(g));

19   2.   The Commissioner shall FILE a status report every ninety (90) days, commencing

20        from the date of this order, regarding the progress of the administrative proceedings;

21        and

22   3.   The Clerk of the Court is DIRECTED to administratively close this case.

23

24   IT IS SO ORDERED.

25   **Dated:   March 20, 2012**          **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE
26

27

28
                                         3