BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
PATRICK WILLIAM SNYDER
Special Assistant United States Attorney

    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8927
    Facsimile:  (415) 744-0135
    E-Mail: Patrick.Snyder@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. VASQUEZ, | **CASE NO. 1:11-cv-01899-SKO** |
|     Plaintiff, | |
| v. | **STIPULATION AND ORDER REMANDING THE ACTION TO THE COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g)** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
|     Defendant. | **ORDER ADMINISTRATIVELY CLOSING THE CASE** |

The parties hereby stipulate by counsel, with the Court's approval as indicated by issuance of the below Order, for remand of this action pursuant to sentence six of 42 U.S.C. § 405(g).

Remand is necessary because significant portions of the recording of the Administrative Law Judge (ALJ) hearing held on November 25, 2008 are inaudible.  Upon receipt of the Court order, the Commissioner will remand the case for a *de novo* ALJ hearing.  This remand request is made pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. 405(g), which provides that:

> "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files [her] answer, remand the case to the Commissioner of Social Security for further action by the Commissioner...."

See 42 U.S.C. 405(g); see also Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292 (1993).

The joint conference committee of Congress, when reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act), acknowledged that in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand in the matter.  The intent of the committee was that such procedural defects be considered "good cause" for remand.  The committee stated:

> "Such a situation is an example of what could be considered 'good cause' for remand.  Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record . . .."  (H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).

Here, significant portions of the ALJ hearing recording are inaudible.  Upon receipt of the remand order, the Commissioner will remand the case for a *de novo* ALJ hearing.

Good cause having been shown, the action should be remanded to the Commissioner for further proceedings as stated above.

Respectfully submitted,

Dated: March 19, 2012                    */s/ Steven Gilbert Rosales*
                                         _____
                                         STEVEN GILBERT ROSALES
                                         (as authorized via email March 19, 2012)
                                         Attorney at Law
                                         Attorney for Plaintiff

Dated: March 19, 2012                    BENJAMIN B. WAGNER
                                         United States Attorney
                                         DONNA L. CALVERT

Acting Regional Chief Counsel, Region IX
Social Security Administration

By:
   */s/ Patrick William Snyder*
   _____
   PATRICK WILLIAM SNYDER
   Special Assistant U.S. Attorney
   Attorneys for Defendant

## **ORDER**

The Court has reviewed the parties' stipulation for remand. Because the recording of the administrative hearing is inaudible, good cause exists to remand the claim to the Commissioner for appropriate action to produce a record pursuant to sentence six of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

The Court retains jurisdiction over the matter, and either party may file a request to reopen the case once the administrative proceedings have been completed. Further, the Commissioner shall file a status report every ninety (90) days from the date of this order regarding the progress of the administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is REMANDED to the Commissioner of the Social Security Administration pursuant to sentence six of section 205(g) of the Social Security Act (42 U.S.C. § 405(g));

2. The Commissioner shall FILE a status report every ninety (90) days, commencing from the date of this order, regarding the progress of the administrative proceedings; and

3. The Clerk of the Court is DIRECTED to administratively close this case.

IT IS SO ORDERED.

**Dated:   March 20, 2012**            /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

3